# EXHIBIT A

# PROPERTY SETTLEMENT AGREEMENT

## BETWEEN

## DONNAMARIE JAROSZ

### and

## KASIMIER JAROSZ

Dated: January 24, 2017

EX. A

## PROPERTY SETTLEMENT AGREEMENT

THIS AGREEMENT is made this 24 of January, 2017, by and between DONNAMARIE JAROSZ (hereinafter referred to as "Wife"), party of the first part, and KASIMIER JAROSZ (hereinafter referred to as "Husband"), party of the second part.

### EXPLANATORY STATEMENT

The parties were married on March 16, 1990. Two children were born as a result of marriage who are now both over the age of 18.

For causes arising prior hereto, the parties are not now living together as Husband and Wife. In 2010, the parties separated with the intention of ending the marriage. The parties have lived separate and apart in separate places of abode without interruption or cohabitation since that date.

The parties deem it in their best interest to enter into this Agreement to settle their respective property rights, rights of the parties to support, maintenance and counsel fees and all other matters growing out of their marital relation.

NOW, THEREFORE, in consideration of the premises and the mutual covenants of each of the parties, they do hereby covenant and agree with each other and for their respective heirs, personal representatives and assigns, as follows:

### ITEM NUMBER ONE: RESERVATION

Nothing contained in this Agreement shall be construed as a waiver by either of the parties of any grounds for divorce which either of them may now or hereafter have against the other, the same being expressly reserved.

### ITEM NUMBER TWO: TERMS OF SEPARATION

The parties have lived separate and apart in separate places of abode without interruption or cohabitation since 2010.

Each party shall be free from interference, direct or indirect, by the other as fully as though unmarried. The parties shall not molest nor malign each other, nor shall either attempt to compel the other to cohabit or dwell with him or her by any means whatsoever. Each party may, for his or her separate benefit, engage in any employment, business or profession he or she may choose and may reside in such places he or she may choose.

A reconciliation, either temporary or permanent, shall in no way affect the provisions of this Agreement having to do with the settlement and disposition of their property rights, alimony, and their respective realty and personalty, unless a new agreement is entered into in writing mutually revoking and rescinding this Agreement and entering into a new one.

### ITEM NUMBER THREE: MUTUAL WAIVER OF ALIMONY

It is the mutual desire of the parties that, hereafter, they shall each maintain and support themselves separately and independently of the other. Accordingly, and in consideration of this Agreement, Wife releases and discharges Husband, absolutely and forever, for the rest of her life from any and all claims and demands, past, present and future, for alimony and support, both pendente lite and permanent; and Husband releases and discharges Wife, absolutely and forever for the rest of his life from any and all claims and demands, past, present and future, for alimony and support, both pendente lite and permanent. This provision shall not be modifiable by any Court.

### ITEM NUMBER FOUR: LIFE, HEALTH, MEDICAL AND CASUALTY INSURANCE

Except as otherwise set forth in this Agreement, it is the mutual desire of the parties that each shall maintain for himself or herself, separately and independently, any and all life, health, medical, casualty and any other type or form of insurance as the parties may so desire and each party shall be solely and individually responsible for the costs connected with same.

Each party shall retain, as his or her own separate property, each life insurance and all other insurance policies titled in that party's own name. Each party hereby releases all claims or interest in or to the cash value of each policy titled in the other's name, and releases any and all claims in or to benefits payable thereunder, and any right to name beneficiaries thereunder.

### ITEM NUMBER FIVE: REAL PROPERTY

Prior to the entry of this Agreement, the parties have already divided all of their real property interests. Husband currently owns real property in the State of Virginia, having sold property in two other locations. Wife currently owns property in the State of Maine and the State of Maryland.

Each party waives any right, title and interest they may have in any real estate holdings of the other party and acknowledges that the parties have already divided their real property and most of their accounts and their personal property. There is no claim by either party for any interest in any of the real property assets of the other.

### ITEM NUMBER SIX: PERSONAL PROPERTY

Husband shall retain as his property all of his personal jewelry, wearing apparel, personal ornaments and tangible items currently in his possession custody and control. Wife shall retain as her property all of her personal jewelry, wearing apparel, personal ornaments and tangible items currently in her custody and control. Each party waives any right, title and interest they have in the personal property in the possession of the other.

2

### ITEM NUMBER SEVEN: CHATTELS

Husband owns vehicles and chattels in his name. Wife owns vehicles and chattels in her name. The parties hereby waive any right, title and interest they may have in any other chattels owned by the other party. There is no claim by Husband against Wife for any interest in any of her vehicles and/or chattels and there is no claim by Wife against Husband for any interest in any of his vehicles and/or chattels. Each party shall be responsible for their own insurance on said vehicles.

### ITEM NUMBER EIGHT: RETIREMENT ACCOUNTS

Prior to the execution of this Agreement, the parties have divided their retirement accounts. However, the parties are still incurring benefits through their employment at KSJ and Associates, Inc. Wife shall retain all of her retirement accounts and any other money that is acquired as a result of her ownership interest in KSJ and Associates, Inc., and Husband shall retain all of his retirement accounts and any other money that is acquired as a result of his ownership interest in KSJ and Associates, Inc. There is no adjustment being made by either party for the retirement accounts.

### ITEM NUMBER NINE: STOCKS, BONDS AND OTHER SAVINGS ACCOUNT AND CHECKING ACCOUNT

The parties currently have two joint accounts at Navy Federal Credit Union, a joint savings account and a joint checking account. The parties will now close out any joint accounts they have.

Wife waives all right, title and interest in any accounts Husband has in his name, alone or with third parties. Husband waives all right, title and interest in any accounts Wife has in her name, alone or with third parties.

### ITEM NUMBER TEN: DEBTS

Husband and Wife have both assured each other that, except as provided above, there are no outstanding bills or debts as of the signing of this Agreement, outside of those bills and debts otherwise enumerated in this Agreement. From the date of this Agreement neither party shall pledge the credit of the other nor incur any debts or obligations which may be chargeable to the other except with respect to such items as Husband and/or Wife are obligated to pay and provide to each other as set forth by this Agreement, by operation of law, or order of any court.

### ITEM NUMBER ELEVEN: INCOME TAX

The parties shall file separate tax returns for 2016 and thereafter unless otherwise agreed.

Prior Tax Years. The parties have filed joint federal and state income tax returns for the years prior to 2015. Except as provided in Item Number Ten, above, Husband and Wife represent and warrant to each other that, to the best of their knowledge, information and belief (i) all taxes due in such prior year returns have been paid, (ii) no interest or penalties are due on such prior year returns, (iii) no tax deficiency proceeding is pending or threatened against him or her, and (iv) no auditor examination is pending in connection with any such prior year return. In the event that an

examination is commenced, or a deficiency is assessed with respect to a prior year return, each party shall notify the other of such examination or deficiency assessment. In case the IRS or any state tax entity imposes additional taxes, fines, or penalties on either parties, the party who was at fault will indemnify and will hold the other party harmless.

### ITEM NUMBER TWELVE: KSJ AND ASSOCIATES, INC.

Husband and Wife during their marriage, created and worked together to develop a successful Government contracting business known as KSJ and Associates, Inc. (hereinafter referred to as the "Company"). They have been fortunate to draw a substantial salary from this Company and have had lucrative distributions. Simultaneous with the execution of this Agreement, or within a reasonable time thereafter, the parties shall cause the necessary documents to be executed so that Wife and Husband own an equal amount of stock in the Company. Their shares shall have the same voting rights, and the parties shall each have signature authority and shall each be members of the Board of Directors. Husband shall cause to be issued to Wife 10,000 shares of the same class of stock currently titled to Husband so that Husband and Wife own the same number of shares. The Company shall then notify the appropriate governmental agencies and authorities and entities with which the Company does business of the Company's current ownership after issuance of shares to the Wife. The parties shall execute such documents as are necessary and proper to effectuate the intent of this paragraph. The Company is authorized to issue 100,000 shares of stock. With the issuance of 10,000 shares to Wife, 20,000 shares will have been issued. No other stock shall be issued without the consent of both parties.

Third parties have shown an interest in purchasing Husband and Wife's interests in the Company. To that extent, Husband and Wife have entered into an arrangement with Mark C. Vogel of the accounting firm of Gross, Mendelsohn to approach third parties.

As to the management and operation of this Company and as to any profits and distributions, the parties agree as follows:

a.   Simultaneous with the execution of this Agreement, a distribution check to Wife and to Husband in equal amounts are being presented to Husband and Wife by the Company. This is the initial distribution to the parties from the Company bank account for 2017.

b.   Further distributions will occur at a minimum of twice a year or at such other times as are agreed upon by the parties. It is anticipated that distribution shall be on or before June 15 of each year and on or before December 15 of each year.

c.   So long as the parties jointly own the Company and no management team has been put into place, they shall each maintain their current salary. Wife currently receives $120,000.00 per year, paid to her at the rate of $10,000.00 per month, and Husband currently receives $250,000.00 per year, paid to him at the rate of $20,833.00 per month. Each party shall have the appropriate taxes withheld from their salaries and the Company shall treat these salaries as any other employee of the Company. There shall be no increase or decrease in either party's salary through December 2018, unless otherwise agreed between the parties. However, if the Company has been sold or transferred, the salaries shall terminate by agreement of the parties when the Company has

4



been transferred to a third party.

    d.    Each party shall continue to have the same employee benefits. That is to say, Wife shall be covered by a health and dental insurance policies and Husband shall be covered by a health and dental insurance policy. They are currently covered by a joint policy. Upon the divorce of the parties, each party shall have their own health and dental insurance, which shall be paid for in full by the Company. In addition, Husband shall continue to insure their two daughters under his health insurance, so long as he is able to do so under the law and so long as the insurance is available to him through the Company.

    e.    Each of the parties shall have equal benefits, including being involved in the Company retirement plan with the appropriate matching funds that the Company pays to employees. Each party shall have the same retirement benefits and the same amounts shall be placed into their 401-K each and every year by the Company. Each party shall continue to maintain a corporate credit card and have the right to charge appropriate business related expenses as defined by IRS regulations.

    f.    Husband will be the main point of contact for the sale of the Company. However, Wife shall be kept apprised of all activity and shall have equal access to all documentation. No decision regarding the sale of the Company will occur without Husband and Wife's joint consent.

    g.    Husband will have authority to manage the Company on a day to day basis and shall be responsible for the day to day operation of the Company. Wife will have authority and be involved in any major decisions regarding the Company, including the sale, incurring debt or such other things as a 50% owner of a company would normally be involved in. Husband shall take no extraordinary activity on behalf of the Company without the consent of Wife. Neither party shall take any action which would adversely affect the value of the Company. Husband and Wife shall have equal access to and receive monthly statements, including profit and loss statements, cash flow statements, balances in bank accounts and any bookkeeping documents available, including balance sheets. Wife will have full signature authority on writing checks for disbursements or any other financial matters pertaining to the Company. The Bylaws will be amended to add wife to the Board of Directors in addition to the Husband and if needed the articles of Incorporation will be similarly amended.

    h.    The parties will cooperate with each other to make sure that the Company runs smoothly.

    i.    In the event that the Company is not sold to a third party on or before December 31, 2018, then the parties will meet again to address all issues regarding the Company, including the formation of a management team which will be hired to run the Company until sold. On December 31, 2018, if the Company has not been sold, then the parties will re-evaluate their salaries in lieu of the fact that a management team has been hired, but as of the hiring of a management team, the salaries shall be equalized so that each party is earning the same income.

    j.    It is important to the parties that any money received from the sale of the Company

be protected so that any funds left at the time of the demise of either party will be used to help the children of the parties. To that extent, the parties have agreed to enter into Pre-Nuptial Agreements in the event that they marry or enter into a civil union with any third parties. Under the Pre-Nuptial Agreement, the third party and/or spouse shall not have any right to any of the proceeds from the sale of the Company.

    k.    It is the intention of the parties that the Company continue to operate on a daily basis and the parties will not provide information to third parties regarding their intent to sell the Company without the consent of the other party. This is an on-going concern and the parties do not want to adversely affect the ability to continue to have the company grow and to bring in business through the Company.

### ITEM NUMBER THIRTEEN:  CHILDREN'S EXPENSES

While the children are both over the age of 18, Husband has been maintaining the children and covering expenses for them on a monthly basis. Husband agrees that he shall continue to do so. Each party is free to contribute to the benefit of the children as he or she sees fit.

### ITEM NUMBER FOURTEEN:  COUNSEL FEES

Each of the parties shall pay his or her own counsel fees incurred in connection with their separation and divorce. Each party hereby waives the right to assert any claim against the other party for counsel fees or legal services rendered to him or her at any time in the past, present or future, so long as the terms of this Agreement are not breached. In the event either party is found to have breached or violated this Agreement, the breaching/violating party shall be responsible for all attorney's fees and court costs incurred by non-breaching/non-violating party in enforcing this Agreement.

### ITEM NUMBER FIFTEEN:  RIGHTS INCIDENT TO
### MARRIAGE RELATION AND RIGHTS AS SURVIVING SPOUSE

Except as otherwise provided herein, each of the parties hereto for himself or herself and his or her respective heirs, personal representatives and assigns, grants, remises and releases to the other, any and all rights or interest which he now has or may hereafter acquire in the real, personal or other property of the other. Each of the parties agrees to execute and deliver any and all deeds, releases, quit claims, or other instruments as from time to time may be necessary or convenient to enable the other party to deal with his property as if he were unmarried. Except as otherwise provided in this Agreement, each of the parties releases all claims and demands of any kind or nature against the other party, including all interests incident to the marriage relation now or at any time hereafter existing or occurring in the property or estate of the other party, or in marital property, either statutory or arising at common law, specifically including all claims, demands and interests arising under the Marital Property Act as set forth under the Family Law Article of the Annotated Code of Maryland Sections 8-201 through 8-210. It is the intention of each and both parties that during their respective lifetimes they may deal with their separate estates as if they were unmarried and that upon the death of either, the property, both real and personal, then owned by him shall pass by his Will or under the laws of descent, as the case might be, free from any right of

6

inheritance, title or claim in the other party as if the parties at such time were unmarried.

### ITEM NUMBER SIXTEEN:  WAIVER OF VALUATION OF MARITAL ESTATE

The Husband and Wife agreed to waive discovery and valuation of the marital estate, for purposes of arriving at this Agreement.

The parties have already filed suit for divorce in Case No. C-02-FM-16-000663 in the Circuit Court for Anne Arundel County and have had the opportunity to have discovery. Although they have had discovery, they are willing to waive any right to future discovery since the parties believe that each other has been honest and straightforward with each other regarding their assets.

In addition to waiving interest in the future claims and estates of the other, Husband and Wife do specifically agree that each waives their rights to knowledge and information concerning the present estate of the other.  Specifically, they acknowledge that they have been advised that they have a right to have their case decided by a Judge, to present evidence on their own behalf, to call and subpoena witnesses, documents, and evidence, to ask for a change of judge, if they fear that any certain judge would or might not treat them fairly, and to have any and all trial court orders reviewed by the appropriate Appellate Court of Maryland. Despite being informed of the foregoing, they, and each of them, specifically waive said rights.

### ITEM NUMBER SEVENTEEN:  NON-INTERFERENCE/MOLESTATION

The parties shall continue to live separate and apart, free from interference, authority and control by the other, as if each were sole and unmarried, and each may conduct, carry on and engage in any employment, business or trade which to him shall seem advisable for his sole and separate use and benefit, without, and free from, any control, restraint, or interference by the other party in all respects as if each were unmarried. Neither of the parties shall molest or annoy the other or seek to compel the other to cohabit or dwell with him by any proceedings for restoration of conjugal rights or otherwise, or exert or demand any right to reside in the home of the other.

### ITEM NUMBER EIGHTEEN:  FURTHER ASSURANCES

The parties, for themselves and their respective heirs, personal representatives, successors and assigns, do mutually agree to join in or execute any instruments and to do any other act or thing that may be necessary or proper to carry into effect any part of this Agreement or to release any dower or other right in any property which either of said parties may now own or hereafter acquire, including the execution and delivery of such deeds and assurances as may be necessary to carry out the purposes of this Agreement.

7

### ITEM NUMBER NINETEEN: INTEGRATION

This Agreement contains the final and entire understanding of the parties. No modification or waiver of any of the terms hereof shall be valid unless in writing and signed by both of the parties. No waiver of any breach hereof or default hereunder shall be deemed a waiver of any subsequent breach or default of the same or similar nature.

### ITEM NUMBER TWENTY: INCORPORATION WITHOUT MERGER INTO DIVORCE JUDGMENT

This Agreement is not intended in any way to affect or prejudice the rights of either party to bring suit for divorce. Unless merged into a Judgment or Order, this agreement shall survive and continue in full force whether or not a Judgment of Divorce shall be entered in any action between the parties in any jurisdiction. In case a Judgment of Divorce shall be entered in any jurisdiction in favor of either party, the terms of this Agreement shall, at the request of either party, be incorporated, but not merged, in the Judgment of the Court to the extent possible.

### ITEM NUMBER TWENTY ONE: INDEPENDENT COUNSEL - PARTIES FULLY INFORMED

Each party acknowledges as follows:

a. that they are fully informed and have personal knowledge of the income, assets, liabilities, resources and expectancies of the other;

b. they have each entered into this Agreement freely and voluntarily;

c. that they have ascertained and weighed all of the facts and circumstances likely to influence their judgment herein;

d. that they have had the opportunity to be represented by counsel of their choice;

e. that they have had the opportunity to be duly apprised of their rights;

f. that they have had the opportunity to have each of the provisions herein as well as all questions pertaining thereto fully and satisfactorily explained to them;

g. that they have given due consideration to such provisions;

h. that they clearly understand and assent to all of the provisions hereof.

Each party hereto declares:

a. that she or he has independent legal advice by counsel of their own selection or has had the opportunity to seek same;

8

  b. that each fully understands this Agreement and is fully informed of and is aware of their legal rights and liabilities;

  c. that after such advice and with such knowledge each believes this Agreement to be fair and reasonable.

  d. Husband acknowledges that he has not consulted with or been advised by the law firm of HILLMAN, BROWN & DARROW, P.A., but he has been represented by the law firm of COUNCIL, BARADEL, KOSMERL & NOLAN, P.A.. Wife has claimed that there is a conflict. For purposes of entering into this Agreement and resolving this matter, Wife acknowledges that she will waive the conflict with Kevin Schaeffer and COUNCIL, BARADEL, KOSMERL & NOLAN, P.A., and will not object to Husband's continued representation by Kevin Schaeffer in this matter. To that extent, Wife acknowledges that she has consulted with Mr. Schaeffer and several of his attorneys. Husband has consulted with several attorneys but has never met or talked to Samuel J. Brown. While he was represented by Stacey Rice, who, at one time, was a partner at HILLMAN, BROWN & DARROW, P.A., and, in fact, was a partner at the time Wife originally asked for a consult on this divorce in 2012. Both parties waive any conflicts at this time and consent to the law firm of HILLMAN, BROWN & DARROW, P.A., representing Wife and the law firm of COUNCIL, BARADEL, KOSMERL & NOLAN, P.A., representing Husband.

### ITEM NUMBER TWENTY TWO:  CONTROLLING LAW

This Agreement shall be interpreted in accordance with and controlled by the laws of the State of Maryland.

### ITEM NUMBER TWENTY THREE:  MISCELLANEOUS

The following provisions are agreed to by the parties:

  a. Each of the parties agree to execute such other and further instruments and to perform such acts as may be reasonably required to effectuate the purposes of this Agreement.

  b. Except as otherwise provided herein, each of the parties hereto for himself or herself, and his or her respective heirs, personal representatives, successors and assigns, releases all claims, demands, and interests arising under the Family Law Article 8, Section 201 et. seq., as from time to time amended.

  c. Whenever the masculine gender is used herein, it shall also mean the feminine gender, where appropriate, and the plural shall mean the singular, and vice-versa, where appropriate.

  d. This Agreement contains the entire understanding between the parties. No modification or waiver of any of the terms of this Agreement shall be valid unless made in writing and signed by the parties.

  e. As to these covenants and promises, the parties hereto severally bind themselves, their heirs, personal representatives, successors and assigns.

f.      In the event that any court shall determine any provision, paragraph or section of this Agreement to be invalid, unenforceable, void or of no force or effect, then the remainder of the Agreement shall remain in full force and effect to the extent as if the invalid provision, paragraph or section had not been a part of this Agreement.

g.      The headings in the paragraphs and subparagraphs herein are provided only for convenience of reference, and shall not be considered in construing their contents.

h.      The attorneys and parties involved in this matter have collaborated in the drafting of this Agreement. It is the work product of the attorneys and parties rather than the work product of one or the other. No provision in this Agreement should be interpreted against either party solely because his or her legal representative drafted that particular portion of the Agreement

i.      None of the provisions of this Agreement shall be subject to any court modification.

## *SIGNATURES ON NEXT PAGE*

IN WITNESS WHEREOF the parties hereto have set their hands and seals on the date first above written.

WITNESS:

_____Judy Myers_____           _____Donnamarie Jarosz_____
                                   Donnamarie Jarosz

_____Judy Myers_____           _____Kasimier Jarosz_____
                                   Kasimier Jarosz

STATE OF MARYLAND, ANNE ARUNDEL COUNTY, TO WIT:

I hereby certify that on this __24__ of __January__, 2017, before me, the subscriber, a Notary Public of the State of Maryland, in and for the County aforesaid, personally appeared Donnamarie Jarosz and made oath in due form of law that the matters and facts set forth in the foregoing Agreement with respect to the separation of the parties are true and correct as therein stated and she acknowledged this Agreement to be her act.

As witness my hand and Notarial Seal.

_____Judith A. Myers_____
Notary Public

My Commission Expires: 2/28/19

STATE OF MARYLAND, ANNE ARUNDEL COUNTY, TO WIT:

I hereby certify that on this __24__ of __January__, 2017, before me, the subscriber, a Notary Public of the State of Maryland, in and for the County aforesaid, personally appeared Kasimier Jarosz and made oath in due form of law that the matters and facts set forth in the foregoing Agreement with respect to the separation of the parties are true and correct as therein stated and he acknowledged this Agreement to be his act.

As witness my hand and Notarial Seal.

_____Judith A. Myers_____
Notary Public

My Commission Expires: 2/28/19

11