**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| DONNAMARIE JAROSZ, individually and derivatively on behalf of KSJ & Associates, Inc., | )<br>)<br>)<br>) |
| Plaintiffs, | ) Civil Action No. 22-cv-02594-LKG<br>) |
| v. | ) Dated:  September 15, 2023<br>) |
| KASIMIER JAROSZ, | )<br>) |
| Defendant. | )<br>) |

**MEMORANDUM OPINION**

## I.    INTRODUCTION

In this civil action, Plaintiffs, Donnamarie Jarosz and KSJ & Associates, Inc. ("KSJ"), bring claims against Defendant, Kasimier Jarosz, challenging Mr. Jarosz's management of KSJ. *See generally*, ECF No. 1.  Defendant has moved to dismiss the complaint, pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6).  *See* ECF Nos. 13 and 13-1.  Defendant's motion is fully briefed. ECF Nos. 1; 13; 13-1; 14; and 15.  No hearing is necessary to resolve the motion.  *See* L.R. 105.6 (D. Md. 2021).  For the reasons that follow, the Court (1) **GRANTS-in-PART and DENIES-in-PART** the Defendant's motion to dismiss and (2) **DISMISSES** the complaint.

## II.   FACTUAL AND PROCEDURAL BACKGROUND[1]

### A.    Factual Background

In this civil action, Plaintiffs, Donnamarie Jarosz and KSJ, bring claims against Defendant, Kasimier Jarosz, challenging Mr. Jarosz's management of KSJ, a company that the Jarosz's own.  *See generally*, ECF No. 1.  Plaintiffs assert the following four claims against the

---

[1] The facts recited in this memorandum opinion and order are taken from the complaint (ECF No. 1); Defendant's motion to dismiss (ECF No. 13); the memorandum in support thereof (ECF No. 13-1); Plaintiff's response in opposition thereto (ECF No. 14); and Defendant's reply brief (ECF No. 15).

Defendant in the verified complaint: (Count I) breach of fiduciary duty; (Count II) equitable accounting; (III) breach of contract; and (Count IV) unjust enrichment.  ECF No. 1 at ¶¶ 44-70. As relief, Plaintiffs request an equitable accounting under Virginia law, to recover monetary damages from Mr. Jarosz, and attorney's fees and costs.  *Id.* at Prayer for Relief.

As background, Plaintiff KSJ & Associates, Inc. is a Virginia-based government contracting business.  *Id.* at ¶¶ 3, 8.

Plaintiff, Donnamarie Jarosz, is a resident of Florida.  *Id*. at ¶ 2.  Ms. Jarosz owns 50% of the stock of KSJ and she serves on the company's Board of Directors.  *Id*..

Defendant Kasimier Jarosz is a resident of Maryland, and he is the former spouse of Donnamarie Jarosz.  *Id.* at ¶ 4.  Mr. Jarosz owns 50% of the stock of KSJ and he serves on the company's Board of Directors and as the Chief Executive Officer of KSJ.  *Id*.

<u>The Divorce Settlement And PSA</u>

In 2017, the Jarosz's divorced.  ECF No. 13-1 at ¶ 1.  In connection with their divorce, the Jarosz's entered into a Property Settlement Agreement ("PSA").  *Id*. at ¶ 1.

Pursuant to the terms of the PSA, the Jarosz's became equal co-owners of KSJ.  *Id*. at ¶ 2. On February 2, 2017, the Circuit Court for Anne Arundel County entered a judgment of absolute divorce that incorporates the PSA.  *Id*. at ¶ 3.

<u>The Circuit Court for Anne Arundel County Litigation</u>

After the Jarosz's divorced, Ms. Jarosz filed three contempt petitions concerning Mr. Jarosz's alleged non-compliance with the PSA and the management of KSJ before the Circuit Court for Anne Arundel County.  *Id*. at ¶ 4.  Relevant to this dispute, on March 3, 2022, Ms. Jarosz filed a contempt petition against Mr. Jarosz alleging, among other things, that:

(1) On or about February 23, 2022, Mr. Jarosz notified her, unilaterally, that he intends to exit KSJ on or around March 31, 2022, in violation of the PSA.  ECF No. 13-2 at ¶ 14;

(2) Mr. Jarosz's behavior has caused significant damage to KSJ "to the extent that a disagreement between its two shareholders has now become known to the senior management of the company and is, therefore, adversely affecting the value of the company to the extent that the intactness of the management team-a key part of the company's value-is now in jeopardy due to internal turmoil."  *Id*. at ¶ 16;

(3) Mr. Jarosz has instructed JaJa Martinez, the company President, and Ginger Sasso, the company's former comptroller, to decline to answer requests for information which Mrs. Jarosz forwards.  *Id*. at ¶ 19;

(4) The company is now at the brink of failure and closure as a direct result of Mr. Jarosz's failure to honor the parties' agreement.  *Id.* at ¶ 21;

(5) Mr. Jarosz has also been using company credit cards to fund significant personal expenses, including restaurants, golf outings, vacations, rent, and taxes. *Id.* at ¶ 22; and

(6) In May of 2021, Mr. Jarosz spoke to Ms. Jarosz and indicated that he would not allow her to have any authority over the company and would not allow her to participate in the sale and would sooner "allow the business to die" than cooperate with her.  *Id.* at ¶ 23.

On September 9, 2022, the Circuit Court for Anne Arundel County entered a stipulation and consent order dismissing this contempt petition with prejudice.  *See generally*, ECF No. 13-3.

<u>The Plaintiffs' Allegations In This Litigation</u>

On October 11, 2022, Plaintiffs filed this litigation, asserting claims against Mr. Jarosz for breach of fiduciary duty, equitable accounting, breach of contract and unjust enrichment.  *See generally*, ECF No. 1.  In the complaint, Plaintiffs alleges that Mr. Jarosz breached the PSA and "sabotaged" KSJ in several ways.  *Id.*

First, Plaintiffs allege that Mr. Jarosz "sabotaged" KSJ after Ms. Jarosz became a co-owner of the company, because KSJ has lost nearly all of its value under Mr. Jarosz's management.  *Id.* at 5.  Plaintiffs also allege that Mr. Jarosz has improperly used KSJ's corporate credit card to charge thousands of dollars of personal expenses for personal gifts, vacations and other unrelated matters.  *Id.*

In addition, Plaintiffs allege that Mr. Jarosz "has directed KSJ's president and the former comptroller to not answer [Ms. Jarosz's] requests for information, including denying or ignoring requests for financial statements to which [she] is plainly entitled under the PSA and under the Virginia Stock Corporation Act as a shareholder and director."  *Id.* at 6.  In this regard, Plaintiffs allege that Mr. Jarosz initially prohibited Ms. Jarosz from authorizing a distribution in 2022, despite the parties' agreement in the PSA that she had "full signature authority on writing checks for disbursements or any other financial matters" and that distributions should occur at least twice a year.  *Id.*  And so, Plaintiffs contend that KSJ "has experienced significant turnover and has suffered significant financial setbacks," as a result of Mr. Jarosz's conduct.  *Id.*

Second, Plaintiffs allege that Mr. Jarosz has mismanaged KSJ by refusing to cooperate with the orderly dissolution and wind down of KSJ.[2]  In this regard, Plaintiffs allege that, although the Jarosz's agreed to cooperate in a voluntary dissolution and winding down of KSJ, Mr. Jarosz refused to agree that cancellation or assignment of company contracts would be handled in a manner to preclude assumption, retention, or transfer to Mr. Jarosz personally, or for his benefit, and to relinquish the Top Secret security clearance sponsored by the company. *Id*. at 7.  Plaintiffs also allege that Mr. Jarosz's refusal to cooperate "renders voluntary dissolution [of KSJ] impossible," because Mr. Jarosz holds a 50% interest on the company's board of directors and 50% of the shareholders.  *Id*. at 8.

In addition, Plaintiffs contend that Mr. Jarosz has breached the PSA by refusing to provide, and causing others to refuse to provide, certain company information to which Ms. Jarosz is entitled under that agreement.  *Id*. at 8-9.  Plaintiffs further contend that Mr. Jarosz owes fiduciary duties of care and loyalty to KSJ and its shareholders, and that he has breached those duties, by "sabotaging KSJ [and] by refusing to manage the business on a day-to-day basis, using the company credit cards to fund significant personal expenses, and providing a company car to his girlfriend, while refusing to maximize the value of the company through discussions with interested purchasers and denying rights of access and disclosure for oversight by the only other shareholder besides himself."  *Id*. at 9.

Lastly, Plaintiffs contend that Mr. Jarosz's conduct has "denied KSJ unrestricted access to its own accounts, thereby compromising the company's ability to manage its affairs, including in dissolution."  *Id*. at 10.  And so, as relief, Plaintiffs seek, among other things, an equitable accounting under Virginia law, to recover monetary damages from Mr. Jarosz, and attorney's fees and costs.  *Id*. at Prayer for Relief.

---

[2] On October 13, 2022, Ms. Jarosz initiated a filing for a shareholder petition for judicial dissolution of KSJ in the Circuit Court for Fairfax County, Virginia.  ECF No. 1 at ¶ 8.  After Mr. Jarosz agreed to the dissolution of KSJ and the appointment of a receiver, the Circuit Court for Fairfax County, Virginia ordered that KSJ be judicially dissolved and appointed a receiver on May 19, 2023.  ECF No. 16 at 2. The powers of the receiver include "investigating the allegations made on behalf of KSJ in this derivative action by Plaintiff and proceeding to prosecute that action (or not) if the receiver chooses to do so."  *Id*.

B.      **Procedural Background**

Plaintiffs commenced this civil action on October 11, 2022.  ECF No. 1.  On December 6, 2022, Defendant filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6) and a memorandum in support thereof.  ECF Nos. 13 and 13-1.

On January 6, 2023, Plaintiffs filed a response in opposition to the Defendant's motion to dismiss.  ECF No. 14.  On January 13, 2023, Defendant filed a reply brief.  ECF No. 15.

The Defendant's motion to dismiss having been fully briefed, the Court resolves the pending motion.

III.    **LEGAL STANDARDS**

A.      **Fed R. Civ. P. 12 (b)(1)**

A motion to dismiss for lack of subject-matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), is a challenge to the Court's "competence or authority to hear the case."  *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005).  The United States Supreme Court has explained that subject-matter jurisdiction is a "threshold matter" that is "inflexible and without exception."  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1995) (citation omitted).  And so, an objection that the Court lacks subject-matter jurisdiction "may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).

The United States Court of Appeals for the Fourth Circuit has also explained that a plaintiff bears the burden of establishing that subject-matter jurisdiction exists.  *See Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (citing *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)).  Given this, the Court "regard[s] the pleadings as mere evidence on the issue[] and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment," when deciding a motion to dismiss pursuant, to Fed. R. Civ. P. 12(b)(1).  *Id.* (citation omitted).  And so, if the plaintiff "fails to allege facts upon which the court may base jurisdiction," then the Court should grant a motion to dismiss for lack of subject-matter jurisdiction.  *Davis*, 367 F. Supp. 2d at 799.

Relevant to the pending motion to dismiss in this dispute, the United States Supreme Court has held that there is a narrow exception to the Court's diversity jurisdiction that "divests the federal courts of power to issue divorce, alimony, and child custody decrees."  *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992).  In this regard, the United States Court of Appeals for the

5

Third Circuit has held that this exception applies if a federal court is asked to issue or modify a divorce, alimony, or custody decree. *Matusow v. Trans-Cnty. Title Agency, LLC*, 545 F.3d 241, 242 (3d Cir. 2008).

In addition, this Court has held that the *Rooker-Feldman* doctrine prevents district courts from "entertaining suits by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Donnelly v. Maryland*, 602 F. Supp. 3d 836, 853 (D. Md. 2022) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84 (2005)). The United States Court of Appeals for the Fourth Circuit has explained that "the *Rooker-Feldman* doctrine assesses only whether the process for appealing a state court judgment to the Supreme Court . . . has been sidetracked by an action filed in district court specifically to review that state court judgment." *Donnelly*, 602 F. Supp. 3d at 854 (citing *Thana v. Bd. of License Commissioners for Charles Cnty., Maryland*, 827 F.3d 314, 320 (4th Cir. 2016)). The Fourth Circuit has also held that the *Rooker-Feldman* doctrine applies to both final and interlocutory orders of state courts. *Brown & Root, Inc.*, 211 F.3d 194, 199 (4th Cir. 2000).

This Court has also held that "[t]he doctrine precludes 'lower federal courts from considering not only issues raised and decided in state courts, but also issues that are 'inextricably intertwined' with the issues that were before the state courts.'" *Ihenachor v. Maryland*, Case No. RDB-17-3134, 2018 WL 1863678, at *3 (D. Md. Apr. 18, 2018). The "inextricably intertwined" prong of the *Rooker-Feldman* doctrine bars claims that were not actually decided by a state court, but where "success on the federal claim depends upon a determination that the state court wrongly decided the issues before it." *Brown & Root, Inc.*, 211 F.3d at 198. But, if a plaintiff in federal court does not seek review of the state court judgment itself, and instead presents an independent claim, the *Rooker-Feldman* doctrine is not an impediment to the exercise of federal jurisdiction. *Id.*

### B.      Fed. R. Civ. P. 12 (b)(6)

To survive a motion to dismiss, pursuant to Rule 12(b)(6), a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Factual allegations raise a claim from merely speculative to "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible when "the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Id*.  When evaluating the sufficiency of a plaintiff's claim under Rule 12(b)(6), Courts must separate factual allegations from legal conclusions.  Factual allegations are assumed to be true and are construed in the light most favorable to the plaintiff.  *See Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015).  But the Court "need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments."  *Alive Church of the Nazarene, Inc. v. Prince William Cnty.*, Va., 59 F.4th 92, 101 (4th Cir. 2023) (internal quotation marks omitted).

## C.     *Res Judicata*

This Court has recognized that "the distinctions between the *Rooker-Feldman* doctrine and the preclusion principles of *res judicata* are subtle, but important."  *Lindauer v. Ocwen Loan Servicing, PWG-10-cv-39,* 2022 WL 2716840, at *3 (D. Md. July 13, 2022).  Under the doctrine of *res judicata*, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."  *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir.2004) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)); *see also*, *Providence Hall Assocs. Ltd. P'ship v. Wells Fargo Bank, N.A.*, 816 F.3d 273, 276 (4th Cir. 2016) (same).  Under Maryland law, *res judicata*, or claim preclusion, provides grounds for dismissal if a defendant establishes that "(1) the parties in the present litigation are the same or in privity with the parties to the earlier litigation; (2) the claim presented in the current action is identical to that determined or that which could have been determined in prior litigation; and (3) there was a final judgment on the merits in the prior litigation."  *Jones v. HSBC Bank USA, N.A.*, 444 F. Appx 640, 643-44, 2011 WL 3734984, at *3 (4th Cir. 2011) (quoting *R & D 2001, LLC v. Rice*, 938 A.2d 839, 848 (2008)); *see also*, *Lindauer,* 2022 WL 2716840, at *3.

And so, *res judicata* "bars a party from suing on a claim that has already been litigated to a final judgment by that party or such party's privies and precludes the assertion by such parties of any legal theory, cause of action, or defense which could have been asserted in that action."  *Reid v. New Century Mortg. Corp.*, No. AW-12-2083, 2012 WL 6562887, at *3 (D. Md. Dec. 13, 2012) (quoting *Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009)) (citations omitted).

IV.    **LEGAL ANALYSIS**

Defendant has moved to dismiss the verified complaint for lack of subject-matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), upon the grounds that: (1) the "domestic relations" exception to the Court's diversity jurisdiction bars Plaintiffs' claims; (2) the *Rooker-Feldman* doctrine bars this action, because Plaintiffs seeks reconsideration of a state court decision; and (3) Plaintiffs lacks standing to pursue Counts I and II of the verified complaint, because a receiver has been appointed to manage KSJ.  ECF No. 13-1 at 13-17.  The Defendant also seeks to dismiss this matter, pursuant to Fed. R. Civ. P. 12(b)(6), because Plaintiffs claims are barred by the doctrine of *res judicata*.  *Id*. at 10.  And so, for these reasons, the Defendant requests that the Court dismiss this civil action.  *Id*. at 17.

In their response in opposition to the Defendant's motion, Plaintiffs counter that the Court possesses subject-matter jurisdiction to consider this dispute, because: (1) the "domestic relations" exception to the Court's diversity jurisdiction does not apply to their claims; (2) the *Rooker-Feldman* doctrine also does not apply to their claims; and (3) Plaintiffs have standing to pursue their claims.  *See* ECF No. 14 at 11-19.  Lastly, Plaintiffs argue that the doctrine of *res judicata* is not applicable to their claims, because they could not have brought the claims in this case before the Circuit Court of Anne Arundel County.  *Id*.  And so, Plaintiffs request that the Court deny the Defendant's motion to dismiss.  *Id*. at 19.

For the reasons that follow, the Court possesses subject-matter jurisdiction to consider Plaintiffs' claims in this action.  But, Plaintiffs' claims are barred by the doctrine of *res judicata.* And so, the Court (1) **GRANTS-in-PART and DENIES-in-PART** the Defendant's motion to dismiss and (2) **DISMISSES** the verified complaint.

A.    **The Court May Consider Plaintiffs' Claims**

As an initial matter, the Defendant argues without persuasion that the Court does not possess subject-matter jurisdiction to consider the claims in this case.  Defendant first argues that the Court lacks subject-matter jurisdiction to consider this matter under the so-called "domestic relations" exception to the Court's Diversity jurisdiction, because Plaintiffs are pursuing claims related to the Jarosz's divorce.  ECF No. 13-1 at 14; *see also*, *Ankenbrandt*, 504 U.S. at 703 (recognizing a narrow exception to a federal court's diversity jurisdiction that "divests the federal courts of power to issue divorce, alimony, and child custody decrees.").  But a careful reading of the verified complaint shows that Plaintiffs are not seeking to issue or modify a

divorce, alimony, or custody decree in this case.  *See generally*, ECF No. 1.  Rather, Plaintiffs assert civil claims for breach of fiduciary duty, equitable accounting, breach of contract and unjust enrichment against the Defendant in the verified complaint.  *Id*. at ¶¶ 44-70.  And so, while Plaintiffs' claims are, to some degree, related to the Jarosz's divorce, the claims in this case do not fall within the "domestic relations" exception to the Court's diversity jurisdiction.

Defendant's argument that the *Rooker-Feldman* doctrine bars Plaintiffs from bringing this action is equally unavailing.  The *Rooker-Feldman* doctrine prevents district courts from "entertaining suits by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Donnelly*, 602 F. Supp. 3d at 853 (quoting *Exxon Mobil Corp.*, 544 U.S. at 283–84).  But, if Plaintiffs do not seek review of the state court judgment itself in federal court, and instead present an independent claim, the *Rooker-Feldman* doctrine is not an impediment to the exercise of federal jurisdiction.  *Id*.

Again, a careful review of the verified complaint in this case makes clear that Plaintiffs are not complaining of any injury caused by the Circuit Court of Anne Arundel County's prior judgments in the Jarosz's divorce and contempt petition proceedings.  Rather, Plaintiffs seek relief here for the Defendant's alleged breaches of his fiduciary duty, and breach of the PSA, with regards to KSJ.  *See generally*, ECF No. 1.  And so, the Court agrees with Plaintiffs that the *Rooker-Feldman* doctrine does not preclude the Court's consideration of their claims.

Because the Court concludes that it possesses subject-matter jurisdiction to consider Plaintiffs' claims in this case, the Court DENIES the Defendant's motion to dismiss this matter for lack of subject-matter jurisdiction.[3]

**B.    Plaintiffs' Claims Are Barred By *Res Judicata***

While the Court possesses subject-matter jurisdiction to consider Plaintiffs' claims, the Defendant persuasively argues that these claims are barred by the doctrine of *res judicata*.

---

[3]For the reasons discussed below, the Court concludes that Plaintiff's claims are barred by the doctrine of *res judicata*.  And so, the Court does not address whether Plaintiffs have standing to pursue their derivative action claims for breach of fiduciary duty and equitable accounting.  The Court observes, however, that it is undisputed that the Circuit Court for Fairfax County, Virginia appointed a receiver for KSJ on May 19, 2023, and that the powers of the receiver include "investigating the allegations made on behalf of KSJ in this derivative action by Plaintiff and proceeding to prosecute that action (or not) if the receiver chooses to do so." ECF No. 16 at 2.

This Court has recognized that "the distinctions between the *Rooker-Feldman* doctrine and the preclusion principles of *res judicata* are subtle, but important." *Lindauer*, 2022 WL 2716840, at *3. Under the doctrine of *res judicata*, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Pueschel*, 369 F.3d at 354 (quoting *Federated Dep't Stores, Inc.*, 452 U.S. at 398; *see also*, *Providence Hall Assocs. Ltd. P'ship*, 816 F.3d at 276. And so, *res judicata*, or claim preclusion, provides grounds for dismissal under Maryland law, if a defendant establishes that: "(1) the parties in the present litigation are the same or in privity with the parties to the earlier litigation; (2) the claim presented in the current action is identical to that determined or that which could have been determined in prior litigation; and (3) there was a final judgment on the merits in the prior litigation." *Jones v. HSBC Bank USA, N.A.,* 2011 WL 3734984, at *3 (4th Cir. Aug. 25, 2011)(quoting *R & D 2001, LLC*, 938 A.2d 839, 848 (Md. 2008); *see also*, *Lindauer,* 2022 WL 2716840, at *3.

The elements of *res judicata* are met in this case. First, there can be no genuine dispute that the parties in this case are the same or in privity with the parties to the prior contempt petition proceedings before the Circuit Court of Anne Arundel County. It is undisputed that Ms. Jarosz filed a contempt petition against the Defendant in the Circuit Court of Anne Arundel County on March 3, 2022. *See generally*, ECF No. 13-2. Ms. Jarosz and Mr. Jarosz are named parties in that case and in this litigation. ECF No. 1 at 1; *see also*, ECF No. 13-2 at 1. In addition, Ms. Jarosz does not dispute that she is in privity with KSJ, which is also a Plaintiff in this case. *See generally*, ECF No. 14.

The Court is also satisfied that the claims presented in this case could have been determined by the Circuit Court of Anne Arundel County during the prior state court litigation. A review of the petition for contempt in that case shows that Ms. Jarosz alleged that Mr. Jarosz breached the PSA, and his fiduciary duties to KSJ, by mis-managing the company. For example, Ms. Jarosz alleged in the state court action that Mr. Jarosz's behavior has caused significant damage to KSJ, "to the extent that a disagreement between its two shareholders has now become known to the senior management of the company . . ." *Id*. at ¶ 16. Ms. Jarosz also alleged in the state court action that Mr. Jarosz instructed company employees to decline to answer her requests for information and that he used the company credit cards to fund significant personal expenses, in violation of the PSA and his fiduciary duties. *Id*. at ¶¶ 19 and 22.

Similarly, here, Plaintiffs allege in the verified complaint that Mr. Jarosz breached the PSA, and his fiduciary duties to KSJ, by engaging in the same conduct.  Notably, the verified complaint alleges that Mr. Jarosz improperly used KSJ's corporate credit card to charge thousands of dollars of personal expenses, in violation of the PSA and his fiduciary duties.  ECF No. 1 at ¶5.  As in the state court action, Plaintiffs also allege here that Mr. Jarosz has directed KSJ's President and former Comptroller to not answer Ms. Jarosz's requests for information.  *Id*. at ¶6.

Plaintiffs correctly observe that the claims in this case, for breach of contract, breach of fiduciary duty, equitable accounting and unjust enrichment, are styled differently than the claims that Ms. Jarosz asserted in the prior state court litigation.  ECF No. 14 at 13-15.  But, Mr. Jarosz persuasively argues that these claims could have been brought in the prior litigation before the Circuit Court for Anne Arundel County.  In this regard, the verified complaint makes clear that Plaintiffs' claims that Mr. Jarosz breached the PSA, or unjustly enriched himself by mis-managing KSJ, mirror Ms. Jarosz's claims in the state court litigation.  ECF No. 1 at 11; ECF No. 13-2 at 4-5.  Plaintiffs' derivative action claims alleging that Mr. Jarosz breached his fiduciary duties to KSJ, similarly mirror the claims alleged in the state court litigation.  ECF No. 1 at 8; ECF No. 13-2 at 5.

Given this, the verified complaint also makes clear that the present dispute and the prior state court litigation arise from the same transactions involving Mr. Jarosz's alleged mis-management of KSJ.  ECF No. 1 at 8-11; ECF No. 13-2 at 4-5.  And so, while Ms. Jarosz did not assert the specific claims found in the verified complaint before the circuit court, she could have done so.[4]  ECF No. 15 at 4-6.  And so, the Court is satisfied that the claims presented here could have been determined by the Circuit Court of Anne Arundel County in the prior state court litigation.

---

[4] Plaintiffs' argument that *res judicata* should not apply, because they could not have brought the claims in this action before the circuit court or obtained the relief that they seek here in that forum, is also unpersuasive.  The Maryland Code affords the circuit courts broad jurisdiction to consider civil and criminal claims, including the civil claims asserted by Plaintiffs in this case, and to grant a broad range of remedies and relief.  *See* Md. Code Ann., Cts. & Jud. Proc. 1-501 ("The circuit courts are the highest common-law and equity courts of record exercising original jurisdiction within the State.  Each has full common-law and equity powers and jurisdiction in all civil and criminal cases within its county, and all the additional powers and jurisdiction conferred by the Constitution and by law, except whereby law jurisdiction has been limited or conferred exclusively upon another tribunal.").

As a final matter, there can be no dispute that the Circuit Court of Anne Arundel County rendered a final judgment on Ms. Jarosz's claims. Again, it is undisputed that the Circuit Court for Anne Arundel County entered a stipulation and consent order dismissing Ms. Jarosz's claims with prejudice on September 9, 2022. *See generally*, ECF No. 13-3.

Because the verified complaint makes clear that: (1) the parties in the present litigation are the same or in privity with the parties to the earlier state court litigation; (2) the claims presented in this litigation could have been determined in the prior litigation; and (3) there was a final judgment on the merits in the prior litigation, Plaintiffs' claims are barred by the doctrine of *res judicata*. And so, the Court GRANTS the Defendant's motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), and DISMISSES the verified complaint.

## V.   CONCLUSION

In sum, the Court possesses subject-matter jurisdiction to consider Plaintiffs' claims in this action. But these claims are barred by the doctrine of *res judicata*. And so, for the foregoing reasons, the Court:

(1) **GRANTS-in-PART and DENIES-in-PART** the Defendant's motion to dismiss; and

(2) **DISMISSES** the verified complaint.

A separate Order shall issue.

Each party to bear its own costs.

**IT IS SO ORDERED**.

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge